He is the perfect voice to be a bailiff. A very commanding voice. 319-015-8. In re The Estate of Nathaniel Strong, deceased, Anne Cornette Strong, independent executive of The Estate, availed by Flora Sulis, versus Heidi Marie Strong, accompanied by Drew Selmstein. Ms. Sulis, you may proceed. Good morning. May it please the court, counsel. So, this feels a little different than some of the other ones I've been observing. We don't have an evidentiary issue here. My comments will probably be reasonably brief, but not wanting to reiterate everything that you've already read. So, simply put, so I represent Anne Cornette Strong, who is the independent executive of The Estate. Can you speak up a little bit? Oh, I'm sorry. There's all that noise outside. Should I move closer? Does that help? Pardon? Does that help if I move closer? If you can hold it and pull it closer, it's more comfortable for you. Sorry, I don't like to shout. Is that better? Okay. Okay. So, I'm counsel for the independent executive in this matter. Simply, this is a statutory issue regarding claims or an alleged claim. My argument in my brief is that the trial court has gone outside the Probate Act and made a decision classifying an order in a Cook County divorce proceeding as a claim. But before I go into that underlying piece, I know there's a lot of things that are in it. Is it an order or a judgment? It was an order. It was an order for attorney's fees. So, I'll back up a little bit. It is awarded. It is awarded attorney's fees. Correct. Right. There was an order in a Cook County. Well, I think I know the facts, but I pretty much, the Cook County court negated the dissolution. Right. Correct. Okay. And that was noticed to the independent executor? After the claims period expired, yes. Well, that has nothing to do with it. I mean, that's a modification of an affidavit of airship, right? No, because there was a renunciation of the will prior. That would have been the negation of the affidavit. There was an amended affidavit of airship put into place. Right. Right. But not because of the, yes, I apologize. It was overturned. Right. Two things. Right. There's the overturn, but there's the issue of attorney's fees. Yeah. Which is two separate things, right? Right. But I'm talking about the Cook County. I was trying to summarize the facts. So, there are two things the Cook County did. It made her a surviving spouse by negating, okay, so she can take against the will. Right. Right. And obviously, that's statutory. There's no, we have no argument with that. That is not before us. That is not before us. So, the claims are the award out of that dissolution case for fees and attorney's fees. Correct. Okay. Correct. So, you're claiming that that's a valid claim. Well, correct. I am claiming that there was no claim actually filed, presented. We received a copy of the order after the expiration of the claims period. But you received something earlier, not you, the independent executor. And by the way, was it ever terminated, the independent administration? No. It was never heard. That was just filed. It was filed. It was never heard. It was never noticed. Okay. But there was a notice within the claims period by her attorney. There wasn't, not that I, not that I've seen. No. Okay. So, the independent executor didn't know anything about this. Right. Any procedure. Right. Right. She knew, she knew that the divorce, there was a motion to vacate with regard to the Cook County divorce. But the, and again, that's not our issue. Our issue is the fees. And we don't have an issue, obviously, with that motion to vacate being pursued, except perhaps to. What did that attorney give to the independent executor within the claims period? Anything? We didn't have anything within the claims period. We received, we received a copy of the order afterward. We knew that the motion to vacate was pending. And that was it. Okay. The estate was never pulled into the Cook County matter. I don't really understand how that went to trial with a deceased litigant. But. It could have gone. It was underway. And he was killed in a car accident. And that continued to proceed. So, I don't know how that attorney actually proceeded without a client. The estate was never pulled in. There was nothing. Our issue ultimately is that there was nothing pulled into the decedent's estate to give us any kind of notice that those fees were going to be assessed or that they could be assessed. Honestly, it's common practice to file a claim that you may not have a full, absolute number, knowing that that may come out within a reasonable amount of time. Well, wasn't there an e-mail within the claims period that the counsel described a petition for fees in that divorce action? I would have to refer back to the record in the counsel. That was his client that was dealing with that. But I don't. So, if that were true, would that be noticed? No, it wouldn't be noticed. You still have a claim issue. It still needs to be a claim that's filed. This is not a utility bill. This is not a credit card bill. Those are the things that you're seeing in the normal course of administering an estate. My client has gone through and done her due diligence to pay those bills that are there, that are legitimate. She has that responsibility. But this falls outside of that. What you're saying is it's jurisdictional in nature. In the petition to terminate the independent wardship, the order vacating the divorce decree was attached, and that included some sort of kind of, hey, we're going to have this fee petition, or something's going to be heard. But that is not sufficient notice. They need to file an actual. It needs to be some manner of formal claim so that we can understand what's there. We had no, there was no knowledge in the estate. In my thought, it should have pulled in the estate. The estate really should have been involved in that litigation, but that was never pulled in. She was represented by divorce counsel and competent counsel in probate matters. That would have been who should have been handling that side of that litigation. Well, Lee, that is to say that the estate wasn't substituted in Cook County. Right. It wasn't. Right. I'm on the floor. It never happens in workers' comp either. They don't know how to do that. I don't know if that should excuse it, but perhaps. Yeah, but I'm just saying it's not irregular for their practice up there. Okay. She did have counsel that handles decedents' estates. Okay. I'm still concerned that I thought I read somewhere that their independent executor was given through an e-mail notice of a petition for fees in the Cook County action. Not, no. Okay. I'll ask the opposing counsel. I'll certainly look back to it if it's in the record. I'll ask the opposing counsel if that is in the record. I think it may be. Okay. Okay. Now, so are we exalting form over substance here? Because there is a claims not due provision in the Appropriate Act. Right. And has that been filed? That's what I'm saying. It is commonplace to file a claim where you don't have an ultimate number that you know is going to be assessed. What constitutes a claim? Typically, there's a standard claim form. Oh, well, yeah, but that's just practice. I mean, that law, what constitutes it? I mean, that's like doing a form well. What constitutes a claim? What's the purpose of the claim? Well, the purpose of the claim is to put on notice. Put on notice. Put on notice. It can be disallowed if it's not appropriate. So if you don't have the ability to identify that it's a legitimate claim, that those, which, if it had been filed, then there's really not an issue. I've got a Cook County court order. There's no way I'm going to go back to that. But the idea being it has to give sufficient information to determine what is due and that it is legitimate. Okay. So. But it doesn't have to be on a specific form. No. You can request these. I mean, the executor has the ability to request that it be filed to the, you know, request more information. We do that as typical. If I have a bill, I need some supporting documents behind it to see what that is. But that's not the issue. Well, the duty of the executor is, you know, to make sure that all legitimate claims are prepared. Right. Absolutely. Absolutely. You don't want the decedent to be considered a debtor. I'm not sure that's the reason why, but there's an argument for that. Well, that is an argument. Does an independent executor owe a duty? Right. To whom does an independent executor owe a duty? To any of the legatees under the law. So ultimately, the trial court made the decision to confirm the claim. They didn't qualify it as a first-class claim, which was requested. But the rationale behind that, it — You don't disagree with that finding, do you? What? First-class? No. Okay. No, I was not asking for it to be a first-class claim. I was not asking for anything. You said that. That's what the court did. Right. Right. Right. They did not find that it was a first-class claim, but that's what was asked for. The Pervade Act is very clear that there is a set timeframe to file claims. And the reason for that is to not have things open-ended and not have this continuing. It's to put everybody on notice. It's to make sure this gets wrapped up, that it's expeditious. I don't see that the trial court had the discretion to go outside of that claim period. There were options under the statute that could have been taken during the pendency of the divorce proceedings, the motion to vacate. They could have filed a claim well during the claim period, putting us on notice that that's what was going on, that that may come through. It didn't have to be definite. I mean, I would have asked for more information, but we certainly were entitled to that. But that would have been noticed to us. We had a very strict window. She had other options under the statute. She didn't take those. She could have pulled us in, pulled the estate in, into the litigation. That would have been another way to put us on notice, clearly. We would have gotten notice of everything. But she didn't. So, ultimately, our issue is that the trial court went outside. They had no discretion to make this decision to confirm this claim outside of the statute. Any other questions? All right. Thank you. We have five minutes of rebuttal time. Mr. Zumstein, you may proceed. May it please the Court and the full Counsel, I am Bruce Zumstein. I represent Heidi Marie Strong, the surviving spouse of the decedent in this case. And as Ms. Luce stated, it is a statutory action. This is a matter involving the interpretation of a statute. And the statute that's in question, really, is Section 8. Section 18-3 of the Probate Act. Now, Section 18-3 of the Probate Act requires that an executor, or the person representing, in this case the executor, mail or deliver to each creditor of the decedent whose name and address are known or who are reasonably ascertainable a notice to file a claim within three months from the date that notice was delivered. If the creditor is a person known to the estate or if the creditor is someone who is reasonably ascertainable by the estate, the six-month claim notice period does not start running at all because there's an obligation to give that notice to that creditor. And Heidi Marie Strong never received a notice to file a claim. She never received or delivered anything that said that she had to do anything. And she was a known creditor and she was reasonably ascertainable. But when she takes the action of filing the motion to, you know, Confirm the claim. But she filed it in August of 2017. She attaches the motion or the judgment vacating the divorce decree. And also says, you know, they're going to have a hearing on this at that point. I mean, it seems like this whole thing is a battle of who had to give a certain piece of paper and some kind of notice to who and when. I mean, it seems that she files and she knows this is coming and she knows that there is a document, a semiotic claim, and I'm going to make sure that it's here. Well, within the statuary claim. That's right. To answer Judge Holder's questions and just what you're looking at as well, too. If you look on the record and appeal on page 27, there is an email. Now, this email is attached. Yeah. Well, the email was attached as an exhibit to a layperson, I would call it, a layperson's request to terminate independent administration. When an estate is opened, an approbated estate, and the will gets admitted, it's the duty of the executor to send to all of the heirs and legatees a notice that the will has been admitted. And you're supposed to attach to that by Supreme Court rule a copy of a notice of your right to move to terminate independent administration. Well, Ms. Strong received that and said, oh, okay, I don't like independent administration. I don't want that executive doing things on their own. I want to know what's going on. So she filed a petition to terminate independent administration and attached to that petition to terminate independent administration this email. But the email clearly states that there is a proceeding pending for divorce. The judge granted the petition to vacate the divorce decree, and the judge will send notice to each attorney of more detailed ruling as well as her findings and ruling on a petition for fees. So that is part of the probate proceeding. Now, Heidi Murray Strong did not do well then because she didn't follow through to move to have a hearing on her petition to terminate. So for that reason, to this date, this estate is an independently administered estate. So is your argument to summarize it, which I was trying to get at earlier, is that that is a constructive claim, if you will, or something of that nature? Well, whether it's a constructive claim or an actual claim, I know this. It means that the estate must do something because the estate is now informed about something. And once again, going back to Section 18-3, it says that the only way a creditor's claim is canceled or terminated or abrogated is that if you are a reasonably ascertainable creditor, you've got to get a notice from the estate. Well, I think that this document filed in probate court indicating that there is a petition pending in the divorce court where there's going to be fees awarded puts an executor on notice that there is someone reasonably ascertainable out there who's going to come in and want to be paid some money on the business deed. The petition for fees isn't going to be automatically allowed. There's going to be a hearing, correct? That is true. And that hearing had not yet been heard at the time that the petition for the termination of independent administration was filed in probate court. The only thing that Judge Roberts had done in Cook County at the time that was filed was vacated the divorce decree. And I think the court here should make a finding that this executor should have been on diligent duty to inquire about this creditor because they had enough intention of it. But then does she become the creditor? She's not a creditor until he owes her fees. Well, every creditor is someone who the estate owes money to. The estate owes money to creditors. She filed the petition to vacate the divorce, and she could have been responsible for her own attorney fees. That's true. But once again, the duty is imposed on somebody by law, and this duty is on the executor. This claim is never terminated if you're a known creditor or if you're reasonably ascertainable. My position is it was reasonably ascertainable that this claim could come in. And I'm wondering if it was impossible to determine the claim. Well, I'll throw out the fancy word I use with Judge Yellen. There's co-ed debts and in-co-ed debts. I'm not even sure if it's there. But this was an in-co-ed debt because there was no liquidated sum available, nor was there ever a liquidated sum available until Judge Roberts issued her final order in January of 2018, which was like 10 days after the claim period expired. There was no specific amount. But they knew that that debt was coming. So what you're saying is – yes, we know the facts here – is that you're saying it became a co-ed claim three days after the claim period expired. It became a co-ed claim. That's what I said. The co-ed debt. There was a known debt, a specific amount. Yeah. Okay, but I don't need elaboration. I think we all know what in-co-ed and co-ed means. Now, it becomes a co-ed claim at that point. What is the status as a creditor? Now, read back to the Probate Act. Is she of the status of a creditor with that email notice, that attachment to the motion to terminate independent administration? Yes. In my opinion, she was a known creditor. A known creditor. And a reasonably diligent search would have turned up the evidence confirming that. Well, I've got a question. When do you become a creditor? When does the status of being a creditor become – Well, it goes back to the connection to the estate. Because a known creditor still requires you to be the status of a creditor. That's true. I think the basic duty of an estate is to gather the assets for the benefit of the estate, pay the bills of the estate, and make the distribution. A bill of the estate is a claim against the estate. So all of these – so she is a claim against the estate. This is a bill that needed to be addressed. How does that – how did that communication within the claims period that was really to terminate independent administration – right? Yes. Was it also notice that she or status now has become that of a surviving spouse? Was that in the same communication or was that a separate communication? It was in that communication, but they had other news, which is that there's three ways. And my brief points out there's three ways she should have reasonably ascertained this death. One was this e-mail attached to this matter. The second one is we filed a petition because there was an order entered saying that the spouse was not a spouse. There was an order declaring heirship saying that this fellow was divorced. Well, we amended the order declaring heirship. We filed a petition, and in that petition we put a case number in Cook County saying, hey, read that case number. You will see that there is no divorce. We are a spouse. I think that puts the estate on obligation to perform a diligent inquiry at that time, too. If you are an executor of an estate, one of the principal things you must do is learn what's going on with regard to the decedent. We met also that since in the Cook County action it appears as if there is a question of validity, whether it's practice or not, whether it's common practice or not, that who's acting on behalf of this deceased individual? Well, there's a lawyer, Ms. Fox, representing the deceased individual for about nine months after he died. I assume that she had some authority from some place, but once again, I'm not going to engage in that. Wouldn't that have been derived from within the probate action? No, I think it didn't. It should have been the executor intervening in the pending action. An executor has a duty to look at the assets and the obligations of this decedent. One obligation to the decedent is he was at the time of his death a participant in a legal action currently pending. I think that by learning that your decedent is involved in a lawsuit, one thing don't you think you should do is look at the lawsuit and see what's going on? And I think that Ms. Lewis's client can't just ignore and hide like an ostrich with their head in a sand and say, oh, I didn't know anything was going on. I just know my brother, the decedent, was involved in the divorce. And here's a case number and here's an order. Here's an email. I can ignore whatever goes on. No, I think you need to learn what's going on there. I don't want to suggest, but I think many of Ms. Lewis's arguments could really have been brought up to collateral attacks. She didn't get into the divorce case. She thought something was going on in the divorce case that affected her. Well, this divorce case did affect her. It resulted in our amending the order of airship. It affected her because we were pending a motion for independent administration, whether it got accepted or not. She had knowledge of it. And if you have knowledge of things, that's the thing. You can't just be a little pregnant. If you know that there is a lawsuit against your decedent when you die, it's your duty to look into that lawsuit, determine what's going on, and see how it affects your estate. Well, if this executor had looked at that proceeding, they would have seen what it was about. So your view is that the independent executor, having known there was a lawsuit against the decedent, would be empowered to proceed to Cook County and intervene and substitute the estate for the defendant? I think they not only – Not defendant, respondent. I think they had a duty to that. They had a duty to determine the assets of the estate. They had a duty to determine the liabilities of the estate. And if your decedent is a defendant in a lawsuit, yes, you've got to get involved in that matter. You've got to learn what's going on. That's a basic tenet of probate law. Gather the assets, pay the bills, you don't distribute the gross estate, you distribute the net estate. And if nothing else, this court got to recognize the duty of performing substantial justice. In the divorce proceeding, this decedent served my client – his mother. He served his mother in Hillside, Illinois, with the notice that there's a divorce proceeding pending. How did that come about? After he earned the rights to a default judgment because he served nobody, he then made representations to the court that were lies and were not correct. I haven't seen – What issues does that go to in this case? Well, it goes to the duty of, once again, I think – It's a very narrow issue that the trial court is dealing with here. Well, it resulted in this $25,000 debt, which I think is why it leaves it. And what did that come from? Well, I know I don't have any argument over the merits of the $25,000. I think that Judge Roberts made a fine ruling. But she spent 10 pages of typewritten argument making findings, attacking decisions. And that shows to me she was stretching to try to get something done that needed to be done. And that's what I'm asking this court as well, too. But there's – I fail to see what all of that has to do with this case. Okay. Well, all I'm suggesting is that the executor knew about the divorce, knew the rights of the surviving spouse, didn't want to pay the surviving spouse, and she is here today trying to avoid this responsibility, which is a debt of her decedent. Thank you. This debt of her decedent is a claim against these statements. It's a known bill. And it wasn't known precisely by the executor at the time that the claims period terminated. She had a reasonably – she had an obligation to reasonably ascertain this matter. A diligent inquiry would have turned it up. She should have just read the court file. If she had done that, she'd know what was going on. She would have taken it into account. And most creditors can go on the assumption they're going to be paid in this case. Not every creditor in every – not every creditor in every probate case filed a formal claim to get their bill paid. We – the surviving spouse knew that the divorce was pending. She knew she had already gotten the dictation of the divorce decree. She knew there was a petition pending for filing fees. We knew that the executor knew about it. The executor, in the reply brief, mentioned that she was present in court. To quote, basically, the executor had an opportunity to be present at a minor portion of the dissolution proceedings. Well, if you're present for a minor portion, you know of it. If you know of it, you've got a duty to look into it. My comment before – you're not a little pregnant. She was there, and it was a minor portion, still a portion. She knew the divorce was pending. She knew the divorce was going to affect the estate. She had a duty to do something. She never gave us a demand to terminate our rights to claim this bill. I ask the court to find that the trial court made a proper ruling. I ask you to sustain Judge Allen's decision. Doing so, I think, will perform some substantial justice for a spouse who was treated very badly. Thank you, Mr. Zernstein. Anything else? I think that's all. Thank you. One last thing, Judge Holder. You asked about Judge Roberts' decision. The order that Judge Roberts issued on January 29, 2018, says that a judgment is entered against Nathaniel Strong III individually in the amount of $24,959.84. It was a court order, but the court order says it's a judgment. Right. Thank you. Thank you. This one's for Rita. Just to reiterate, perhaps address a few of those pieces. Certainly some of the issues that I would address you had questions about, so I won't belabor those. But obviously this was not just a bill. Yes, we were aware of, the executor was aware of the divorce proceeding and the motion to vacate. We recognized that there would need to be an amended affidavit of heirship. If that got turned over, we had no issue with that. Certainly no problem there. That was the impact that was expected. You're right. We didn't have any creditor information that that's the status that Ms. Strong had at the time. Perhaps if she had submitted something to us directly, especially being represented during the claims period, would have wrapped that whole piece up. It would have been the neatest way to deal with this. Aren't we being asked to recognize correspondence by email as proper use? It's certainly an informal method of communication. It is, and there's no way to substantiate that. Does the statute allow for claims, electronic claims? If you can't answer that. I can't. No, I can't. I can't. I don't want to. Right. I lost my train of thought. The wife and ex-wife at the time had the motion to vacate pending in Cook County. This is her burden. This is her responsibility to pursue that. That should have been handled in a way that the estate was involved, that everybody was on notice. She didn't do any of that. I don't feel that there's the duty. If she had spent the process up by two days, she would have become a creditor within the claims period. Yes, absolutely. Absolutely. And like I said, it is common practice to see a claim filed where there's not a determined number yet. Now, whether that's a creditor, and that can always be disputed. I mean, the claim can be filed, and we could disallow it. The executor can ask for more information to support it and substantiate it. But we didn't even have that opportunity because there was nothing filed to further investigate that. That would have preserved that claim. That would have been the easiest, most straightforward way to handle this and make sure everybody is on notice. The executor had done her due diligence. We knew that that Cook County divorce was pending. We had no idea whether it was going to be turned over or not, one way or the other. It was going to affect the ultimate distribution. We're aware of that. She was waiting for that to be resolved and that to come through. So, I believe that's it on my points. Any questions? All right. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. And with that, we extend a recess until 1 p.m.